IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LARRY PAYNE, )
)
    Plaintiff, )
)
v. ) No. 1:14-cv-0055
) and 3:14-mc-658
) Chief Judge Haynes
SEAN BRANTLEY et al., )
)
    Defendants. )

**MEMORANDUM**

Plaintiff, Larry Payne, an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this action[1] under 42 U.S.C. § U.S.C. § 1983 against the Defendants: Sean Brantley, Jason Woodall, Arvil Chapman, Banny Dodd, Michael Parrish, Leigh Staggs, Sarina West, Daniel Shourd, Richard Burks and Alexander Crowe. Plaintiff also filed a motion for preliminary injunction and temporary restraining order, supported by a memorandum and declaration (Docket Entry Nos. 3, 4, and 5).

**A. Review of the Complaint**

According to his complaint, Plaintiff alleges that, on March 13, 2014, he was served a breakfast tray with onions on it. Plaintiff is severely allergic to onions and requested an alternate meal. The guard allegedly refused to bring Plaintiff a tray without onions. In protest, Plaintiff stuck his left arm through the food flap in his cell door. Several guards violently attempted to remove his arm from the food flap and injured Plaintiff's arm in the process, for which he

---

[1] Plaintiff separately filed the same complaint giving rise to the two case numbers listed in the style of this action. The separate filings are consolidated in Case No. 1:14cv55.

required medical attention. Plaintiff alleges that excessive force was used against him in the effort to dislodge his arm from the door flap. Yet, Plaintiff admits that he repeatedly refused several officers' orders to remove his arm from the flap on his cell door. (Docket Entry No. 1, Complaint at 6-8). Plaintiff admitted to the disciplinary charge for his conduct. Id. at 8. Although Plaintiff alleges that after the officers secured him, Brantley allegedly told the other officers to hold him while Bratley sprayed him with mace, Plaintiff alleges that Brantley relented and the officers released Plaintiff's arm. Id. Plaintiff further alleges that he was denied two meals in retaliation for his early morning protest.

## B. Conclusions of Law

Because Plaintiff proceeds in forma pauperis, the Court must conduct an initial review of the complaint and dismiss it or any part thereof that is frivolous, malicious, fails to state a claim for which relief may be granted, or asserts a claim against a defendant who is immune from relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. "'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (a) the deprivation of a right secured by the Constitution or laws of the United States (b) caused by a person acting under the color of state law.'" Miller v. Sanilac Cnty., 606 F.3d 240, 247 (6th Cir. 2010) (quoting **Sigley v. Parma Heights**, 437 F.3d 527, 533 (6th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

As to Plaintiff's claims against the Defendants Arvil Chapman, Benny Dodd, and Michael Parrish. Plaintiff alleges only their alleged "neglecting to use their supervisory authority." Plaintiff does not allege that these Defendants had any part in the alleged use of excessive force or denial of food. In a Section 1982 action, Plaintiff cannot sue a supervisory

defendant solely because of that defendant's status as a supervisor. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Absent an allegation of participation or acquisence, either direct or indirect, by a supervisor in an allegedly wrongful act, the complaint fails to state a claim for relief in a Section 1983 action. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). Accordingly, the claims against Chapman, Dodd, and Parrish should be dismissed.

The alleged use of excessive force by a jailer is actionable under 42 U.S.C. § 1983. Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010),but not where the force is used to secure compliance with a correctional officer's order, unless force is used after the prisoner is compliant. Hagans v. Franklin County Sheriff'S Office, 695 F.3d 505, 509-10 (6th Cir. 2013). Here, Plaintiff admits that he repeatedly refused several officers' orders to remove his arm from the flap on his cell door. Plaintiff admitted to the disciplinary charge for his conduct. Although Plaintiff alleges that after the officers secured him that Brantley told the other officers to hold him while Brantley sprayed him with mace, Plaintiff alleges that Brantley relented and the officers released Plaintiff.

Plaintiff's claim for denial of two food trays for his protest with the flap to his cell does not state a violation given his admitted disciplinary violation in connection with this protest. See Richmond v. Settles, 450 Fed. Appx. 448, 456 (6th Cir. 2011)

As to Plaintiff's application for a temporary restraining order ("TRO"), the Court notes that Defendants have not been served with process in the present case, nor has Plaintiff demonstrated any effort to give notice to Defendants of his application for injunctive relief. Therefore, Plaintiff's request is governed by Rule 65(b) of the Federal Rules of Civil Procedure,

In addressing requests for a temporary restraining order, the Court is to be guided by the familiar four factor standard governing all requests for extraordinary injunctive relief entered before judgment: (1) whether Plaintiff has a strong or substantial likelihood of success on the merits, (2) whether Plaintiff has established the existence of irreparable injury, (3) whether an injunction would harm defendants or third parties, and (4) whether injunctive relief would serve the public interest. See Ohio Republican Party v. Brunner, 543 F.3d 357, 357 (6th Cir. 2008) (applying the four-factor test for preliminary injunctions to an application for a TRO). Additionally, when a litigant seeks an ex parte restraining order without notice to the opposing party, he has the additional burden of demonstrating to the Court, as required by Rule 65(b)(1), why notice to the opposing party was not possible and why the injury would truly be irreparable in the absence of an injunction. See Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 225–27 (6th Cir. 1996).

Plaintiff has not established grounds for the extraordinary relief on his ex parte temporary restraining order. None of the relevant factors weighs in favor of issuing a TRO or a preliminary injunction. First, Plaintiff falls far short of establishing a strong likelihood of success on the merits of his Eighth Amendment claim. His Eighth Amendment claim at this juncture is conclusory and unsubstantiated. Second, Plaintiff has not established the existence of irreparable harm in the absence of the requested injunction. Most of Plaintiff's requests for relief have little to do with the claims in his complaint and seek relief that is not available against the remaining Defendants. The motion for a TRO and preliminary injunction (Docket Entry No. 3) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 15th day of May, 2014

_____
WILLIAM J. HAYNES, JR.
Chief United States District Judge